[964 NYS2d 173]

In the Matter of YANA SHTINDLER, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 17, 2013

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Michael S. Ross,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 8, 2011, containing seven charges of professional misconduct. After a hearing on October 13, 2011, the Special Referee issued a report which sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted papers in support of the motion, and asks that the Court impose a "tempered sanction."

Charge one alleges that the respondent failed to safeguard escrow funds entrusted to her as a fiduciary, incident to her practice of law, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about January 10, 2007, Michael Sery refinanced his mortgage on real property in Tarrytown, New York. The respondent represented the lender in the transaction. The lender deposited approximately $892,000 into the respondent's escrow account at Citibank on behalf of Sery. The respondent was required to retain $16,386 of those funds pending receipt of proof that a mechanic's lien on the premises had been discharged and released. In June 2008, the respondent received proof that the mechanic's lien had been discharged and released. However, by October 2007, the $16,386 in escrow funds had already been depleted from the account.

Charge two alleges that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from her attorney escrow account, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent failed to maintain a ledger book for her escrow account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account, and the names of all persons to whom such funds were disbursed.

Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). As of June 2008, the respondent was required to release the $16,386 in escrow funds to Sery. Between June 2008 and June 2010, Sery and his attorney made numerous demands to the respondent to release the funds. On numerous dates, the respondent led Sery and his attorney to believe that she had the funds in escrow, when she knew or should have known that she did not have Sery's funds.

Charge four alleges that the respondent knowingly made false or misleading statements to the Grievance Committee, in violation of rule 8.4 (c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In June 2010, the respondent received a copy of Sery's complaint from the Grievance Committee. In her answer to the complaint, the respondent claimed, inter alia, that, in communicating with Sery and his attorney, she had "explained on several occasions the reasons for the delay" in releasing the funds. In fact, the respondent never explained to Sery or his attorney that the reason for the delay was because she had not been in possession of the funds since 2007.

Charge five alleges that the respondent improperly conditioned the payment of the funds, to which a third party was entitled, upon the withdrawal of the complaint to the Grievance Committee, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). When the respondent failed to release the funds, Sery commenced an action in Supreme Court, New York County. In or about September 2009, a default judgment was entered against the respondent in the sum of $18,256.44. After receiving a copy of Sery's complaint to the Grievance Committee, on or about June 21, 2010, the respondent and Sery entered into an agreement settling his claims

for $16,386. The respondent required that the settlement be conditioned on her receipt of written proof that Sery had withdrawn his grievance complaint.

Charge six alleges that the respondent failed to adequately supervise her paralegal, in violation of former Code of Professional Responsibility DR 1-104 (c) and DR 1-102 (a) (7) (22 NYCRR 1200.5 [c]; 1200.3 [a] [7]). From January 2007 through 2008, the respondent authorized her paralegal to issue and sign checks from her escrow account. The respondent failed to review all of the checks that the paralegal issued from her escrow account. On January 10, 2007, the respondent delegated her attendance at the Sery closing to the paralegal. After the closing, the respondent failed to review the documents and checks that the paralegal prepared, as well as the records from the transaction.

Charge seven alleges that the respondent improperly authorized a nonattorney to be a signatory on her escrow account, in violation of former Code of Professional Responsibility DR 9-102 (e) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [e]; 1200.3 [a] [7]). The respondent authorized her paralegal, a nonattorney, to be a signatory on her escrow account.

In view of the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm is granted.

The respondent has a prior disciplinary history consisting of two letters of caution and a letter of admonition.

In mitigation, we have considered the respondent's remorse, her general reputation as an ethical and honest attorney, and the fact that she made full restitution to the client. However, the respondent admitted that, had she reviewed her accounts in a timely fashion, she could have uncovered the fact that the subject funds had been stolen by her paralegal. The respondent abdicated her responsibility in the most fundamental fashion— she made her paralegal a signatory to her attorney escrow account, she did not supervise or review the subject transaction, and she did not keep proper records, all of which the respondent conceded was wrong.

Under the totality of the circumstances, we find that the respondent's suspension from the practice of law for a period of one year is warranted.

MASTRO, J.P., RIVERA, DILLON, ANGIOLILLO and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Yana Shtindler, is suspended from the practice of law for a period of one year, effective May 17, 2013, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 18, 2013. In such application, the respondent shall furnish satisfactory proof (1) that during the said period she refrained from practicing or attempting to practice law, (2) that she has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) that she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Yana Shtindler, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Yana Shtindler, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Yana Shtindler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).